David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Tiffany Schoeneman,**<br><br>                Plaintiff,<br><br>        v.<br><br>**Stellar Recovery, Inc. and Comenity Bank;**<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO:**<br><br>**1. THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;**<br>**2. NEGLIGENCE**<br>**3. ARIZONA CONSUMER FRAUD ACT A.R.S §44-1522**<br>**4. FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///

**COMPLAINT**                  1

# INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. TIFFANY SCHOENEMAN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of STELLAR RECOVERY, INC. ("Stellar"), and COMENITY BANK ("Comenity") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

///
///

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

10. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA").

11. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

12. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant Stellar is a corporation registered with the Arizona Secretary of State doing business in the State of Arizona.

15. Stellar is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Defendant Comenity is a bank doing business in the State of Arizona.

17. Defendants Stellar and Comenity are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

## GENERAL ALLEGATIONS

18. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

19. At all times relevant, Defendants conducted business in the State of Arizona.

20. On or about May 2016, Plaintiff reviewed her Experian and Equifax credit reports.

21. As Plaintiff reviewed her Experian and Equifax credit reports, Plaintiff discovered multiple accounts being reported that did not belong to her. Many of these accounts were negative and harming Plaintiff's credit score and creditworthiness.

22. These negative accounts on Plaintiff's credit reports are harmful to Plaintiff's credit score and creditworthiness.

### Experian Misreported Credit Information

23. In an Experian credit report dated May 4 2016, Experian and Stellar reported the following inaccurate, negative accounts that were not Plaintiff's accounts:

- Comenity Partial Account No. 82298
- Stellar Partial Account No. 14987253

24. Comenity and Stellar should not have reported these accounts on Plaintiff's credit reports since these accounts did not belong to Plaintiff.

25. On or around July 2016, Plaintiff disputed Experian, Comenity and Stellar's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, through a certified receipt letter, of the incorrect and inaccurate credit information furnished by Comenity and Stellar.

26. Specifically, Plaintiff requested the above inaccurate and derogatory accounts that did not belong to Plaintiff be removed.

27. Upon information and belief, Experian timely notified Comenity and Stellar of Plaintiff's dispute.

28. On or about September 15, 2016, Plaintiff received notification from Experian, Comenity and Stellar that they had received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

29. Surprisingly, Experian, Comenity and Stellar did not remove all the accounts that did not belong to Plaintiff.

30. Instead, Experian, Comenity and Stellar simply left derogatory information on Plaintiff's report.  Specifically, Experian, Comenity and Stellar reported the following inaccurate, derogatory accounts that did not belong to Plaintiff:

- Comenity Partial Account No. 82298…
- Stellar Partial Account No. 14987253…

31. In response to Plaintiff's dispute, Comenity and Stellar failed to delete the derogatory, inaccurate Comenity and Stellar accounts.

32. Comenity and Stellar failed to perform the due diligence to determine whether the Comenity and Stellar accounts belonged to Plaintiff.
33.
34. Plaintiff felt hopeless because no matter what she did, Comenity and Stellar would not fix her credit report.
35. Comenity and Stellar and were required to conduct a reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
36. Comenity and Stellar, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).
37. Comenity and Stellar failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
38. Due to Comenity and Stellar's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
39. Plaintiff's continued efforts to correct Comenity and Stellar's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Comenity and Stellar were fruitless.
40. Comenity and Stellar's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.
41. Comenity and Stellar's inaccurate and negative reporting damaged Plaintiff's creditworthiness.
42. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Comenity and Stellar failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**COMPLAINT** 7

**Equifax Misreported Credit Information**

43. In an online Equifax credit report dated May 4, 2016, Equifax, Comenity, Kenneth Eisen & Associates, and Stellar Recovery, Inc. reported the following inaccurate, negative accounts that were not Plaintiff's accounts:

- Comenity Partial Account No. 82298*
- Kenneth Eisen & Associates Account No. D1170014N1
- Stellar Recovery, Inc. Partial Account No. 14987253

44. Comenity, Kenneth Eisen & Associates, and Stellar should not have reported these accounts on Plaintiff's credit reports since these accounts did not belong to Plaintiff.

45. In or about July 2016, Plaintiff disputed Equifax, Comenity, Kenneth Eisen & Associates, and Stellar Recovery, Inc.'s reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, through a certified receipt letter, of the incorrect and inaccurate credit information furnished by Equifax, Comenity, Kenneth Eisen & Associates, and Stellar Recovery, Inc.

46. Specifically, Plaintiff requested the above inaccurate and derogatory accounts that did not belong to Plaintiff be removed.

47. Upon information and belief, Equifax timely notified Comenity, Kenneth Eisen & Associates, and Stellar Recovery, Inc. of Plaintiff's dispute.

48. On or about September 13, 2016, Plaintiff received notification from Equifax, Comenity, Kenneth Eisen & Associates, and Stellar Recovery, Inc. that they had received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

49. Surprisingly, Comenity did not remove the account that did not belong to Plaintiff.

50. Comenity simply left derogatory information on Plaintiff's report. Specifically, Comenity reported the following inaccurate, derogatory accounts that did not belong to Plaintiff:

- Comenity Partial Account No. 82298*

51. In response to Plaintiff's dispute, the Kenneth Eisen & Associates and Stellar Recovery, Inc. disputed accounts were deleted.
52. However, Comenity failed to delete the derogatory, inaccurate Comenity account that did not belong to Plaintiff.
53. Plaintiff was extremely frustrated that these accounts not belonging to her were continuing to be reported on her Equifax credit report.
54. Plaintiff felt hopeless because no matter what she did, Comenity would not fix her credit report.
55. Comenity was required to conduct a reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
56. Comenity, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).
57. Comenity failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
58. Due to Comenity's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
59. Plaintiff's continued efforts to correct Comenity's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Equifax and Comenity were fruitless.

60. Comenity's continued inaccurate and negative reporting of the accounts in light of its knowledge of the actual error was willful.

61. Comenity's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

62. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Comenity failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FDCPA Violations

63. These alleged financial obligations owed to Stellar were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

64. As a third party debt collector, Stellar was attempting to collect a debt by reporting on Plaintiff's credit reports.

65. However, since the Stellar account does not belong to Plaintiff, there is not an existing debt.

66. Through this conduct, Stellar was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Stellar violated 15 U.S.C. § 1692f(1).

67. Through this conduct, Stellar made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

68. Through this conduct, Stellar engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Stellar violated 15 U.S.C. § 1692d. Plaintiff was extremely frustrated that these accounts not belonging to her were continuing to be reported on her Experian credit report.

### **Damages**

69. Plaintiff's credit score and creditworthiness has been harmed because of Defendants' actions.
70. Plaintiff has refrained from applying for credit and housing due to her abysmal credit report.
71. As a result of Defendants' conduct, Plaintiff suffered other actual damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, shame, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)
### (AGAINST ALL DEFENDANTS)

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
73. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
74. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

75. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
## (AGAINST ALL DEFENDANTS)

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
77. The foregoing acts and omissions constitute negligence by all defendants.
78. Each defendant had the duty to report on Plaintiff's credit reports accurately and respond to allegations of identity theft.
79. Each defendant had the duty to delete any incorrect accounts when notified and provided with evidence that the accounts did not belong to Plaintiff.
80. Experian and Equifax breached this duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified Experian and Equifax that the accounts did not belong to Plaintiff.
81. Comenity and Stellar breached this duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified them through the credit reporting agencies.
82. All Defendants were the actual cause of Plaintiff's harm by not deleting the accounts from Plaintiff's credit report that did not belong to Plaintiff. But for Defendants' failing to delete these accounts on Plaintiff's credit reports, Plaintiff would not have been harmed.
83. Plaintiff has suffered economical, mental, and emotional damages.

///
///
///

# THIRD CAUSE OF ACTION
## ARIZONA CONSUMER FRAUD ACT
### (AGAINST ALL DEFENDANTS)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Comenity and Stellar performed a deceptive and unfair act by failing to delete the account from Plaintiff's credit report when Comenity and Stellar possessed all of Plaintiff's identifying information and knew the account did not belong to Plaintiff.

86. Comenity and Stellar were all performing a service as it relates to Plaintiff and his credit reports.

# FOURTH CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 ET SEQ. (FDCPA)
### (AGAINST STELLAR)

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

89. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

///
///

# PRAYER FOR RELIEF

90. Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)
## (AGAINST ALL DEFENDANTS)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
## (AGAINST ALL DEFENDANTS)

- an award of actual damages;
- award of costs of litigation;
- an award of punitive damages; and
- any other relief the Court may deem just and proper.

///
///
///
///

COMPLAINT                         14

### THIRD CAUSE OF ACTION
### ARIZONA CONSUMER FRAUD ACT
### (AGAINST ALL DEFENDANTS)

- an award of actual damages;
- an award of punitive damages as the Court may allow;
- award of costs of litigation and reasonable attorney's fees; and
- any other relief the Court may deem just and proper.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *ET SEQ.* (FDCPA)
### (AGAINST STELLAR)

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Stellar; and
- any other relief the Court may deem just and proper

### TRIAL BY JURY

91. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 31, 2017                             Respectfully submitted,

                                                    BY: /S/ RYAN L. MCBRIDE_____
                                                    RYAN L. MCBRIDE, ESQ.
                                                    ATTORNEY FOR PLAINTIFF